UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUPPLY NETWORK, INC.,

       Plaintiff,

v.

VICTAULIC COMPANY,

       Defendant.
_____/

Case No. 1:09-CV-226

HON. JANET T. NEFF

**OPINION**

Pending before the Court is plaintiff's Motion to Alter or Amend Judgment Pursuant to FED. R. CIV. P. 59 (Dkt 38). This declaratory judgment action stems from a supply contract between the parties for CPVC pipe for fire sprinkler systems, which has resulted in litigation in several states based on allegations that the pipe was defective. Defendant removed this action from Kent Circuit Court and thereafter filed a Motion to Transfer Venue. In an Opinion (Dkt 36) and Order (Dkt 37) entered November 9, 2009, the Court declined to entertain plaintiff's request for declaratory relief pursuant to 28 U.S.C. § 2201. The Court concluded that the question whether a contractual duty to defend and indemnify arises under the parties' contract is properly resolved in the context of the case-specific facts of each underlying tort case. Accordingly, the Court denied defendant's Motion to Transfer Venue to the United States District Court in Connecticut. Instead, the Court exercised its discretion to decline jurisdiction over the declaratory judgment action and dismissed the case. *See* 28 U.S.C. § 2201.

Plaintiff now moves the Court to alter its November 9, 2009 Order "to effectuate a remand of this case to the Kent County Circuit Court rather than dismissal." Defendant has filed a Response (Dkt 40) opposing such relief.

First, contrary to defendant's argument, the Court declines to deny plaintiff's motion for lack of a proper basis under Rule 59(e). "Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment." 11 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1, p. 121 (2d ed. 1995) (footnotes omitted). Although the Federal Rules do not expressly recognize motions for "reconsideration," such motions are treated typically as motions to alter or amend a judgment, encompassed by FED. R. CIV. P. 59(e) when filed within the time period set for Rule 59 motions. *Id.* at 122; *see also* W.D. Mich. LCivR 7.4. The decision whether to alter or amend a judgment is generally within the trial court's discretion. FEDERAL PRACTICE AND PROCEDURE, *supra*, at 124; *Vaughn v. Lawrenceburg Power Sys.,* 269 F.3d 703, 710 (6th Cir. 2001).

Second, even if this Court has the authority to remand this case to the Michigan state court, which defendant contests, the Court declines to do so. Having considered the parties' arguments, the Court is not persuaded that remanding this case to the Kent Circuit Court is appropriate to resolve the contractual disputes. This Court's decision to decline jurisdiction over plaintiff's declaratory judgment action was based on the Court's conclusion that the contractual issues could not properly be decided without consideration of the case-specific context of the underlying claims. The Court rejected plaintiff's contention that this controversy is solely a matter of contract interpretation, stating:

> [U]nderlying factual and legal issues are important to an informed resolution
> of the present dispute, and the state trial court is in a better position to evaluate those
> issues. There will likely be considerable overlap between the factual and legal issues
> concerning the duty to defend/indemnity and the state court claims.

The parties are currently involved in underlying lawsuits in state court in Connecticut and Florida, which are appropriate forums for resolution of the disputed contract matters. As defendant observes, remanding this action to the Michigan state court serves no useful purpose and would unnecessarily burden that court with duplicative litigation.

Plaintiff's Motion to Alter or Amend Judgment is therefore denied. An Order consistent with this Opinion will be entered.


DATED: January 27, 2010          /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge